UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELIC SETCHELL, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-02534 |
| | § | |
| MARVELOUS COUNSELING & | § | |
| THERAPY, PLLC, | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

The Court dismissed this Fair Labor Standards Act (FLSA) case on March 28, 2025 based on the parties' representation that they had reached a settlement.[1]  ECF 33.  The Order was without prejudice to the parties' right to reinstate within 30 days "on presentation of adequate proof that the settlement could not be consummated." *Id.*  No party moved to reinstate the case within 30 days or moved for an extension of time to do so.  No party asked for entry of a separate Agreed Final Judgment.  The Court did not retain jurisdiction to enforce the settlement agreement.[2]  Well over a

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

[2] The Court retains ancillary jurisdiction to enforce a settlement agreement by expressly retaining jurisdiction in the judgment or by incorporating the terms of the settlement agreement into the judgment.  *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994)); *see also Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 725 (5th Cir. 2025) (district court lacked ancillary jurisdiction to enforce settlement agreement where "the settling parties filed an unconditional Rule 41(a)(1)(A)(ii)

year after dismissal, Plaintiff filed a Motion to Reinstate Case to Active Docket because Defendants have breached the settlement agreement and have no intent to comply with the settlement agreement.  ECF 34.

Although the Court did not enter a separate final judgment in this case, the dismissal order is now a final judgment.  Federal Rule of Civil Procedure 58(c)(2)(B) provides that when a judgment is not set out in a separate document it is deemed entered 150 days from entry in the civil docket.  The time for filing an appeal expires 30 days later pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).  Thus, the judgment in this case became final 180 days after entry of the dismissal order, or on September 24, 2025.

A party may file a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b)(4)-(6) "within a reasonable time."  Plaintiff did not move for relief under Rule 60(b).  The only provision of Rule 60(b) that could arguably apply here is Rule 60(b)(6), which permits the Court to grant relief for "any other reason that justifies relief."  "To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment." *In re Edwards*,

---

stipulation of dismissal without a concurrent court order incorporating the agreement's terms or expressly retaining jurisdiction over the agreement")..

2

865 F.3d 197, 203 (5th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Extraordinary circumstances" are those that make the initial judgment "manifestly unjust." *Lloyd's Syndicate 457 v. FloaTEC LLC*, No. CV H-16-3050, 2018 WL 7264645, at \*5 (S.D. Tex. Dec. 27, 2018) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)). Motions for relief under Rule 60(b)(6) are rarely granted. *Id.*

Plaintiff did not move for relief within a reasonable time and has not demonstrated extraordinary circumstances that warrant reopening this case. According to the settlement agreement attached to Plaintiff's separate Motion to Enforce, payment was due on December 1, 2025, five months before Plaintiff filed the pending Motion. ECF 35-1. No extraordinary circumstances exist here because the initial judgment was not manifestly unjust and was entered at the request of the parties. Plaintiff's remedy for an alleged breach of the settlement agreement is filing a breach of contract action in a court with jurisdiction.

For these reasons, the Court RECOMMENDS that Plaintiff's Motion to Reinstate Case (ECF 34) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 29, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge